FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 10, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAULA HOCTOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KITTITAS COUNTY, a municipal corporation,<br><br>　　　　Defendant. | NO. 1:19-cv-03201-SAB<br><br>**ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER** |

　　Before the Court is the parties' Stipulated Motion for Protective Order, ECF No. 15. The motion was heard without oral arguments. The parties stipulate and request that the Court enter a protective order regarding the production of confidential, proprietary and private information during the course of discovery. ECF No. 15 at 1. For the reasons discussed herein, the Motion for Protective Order is **DENIED**.

　　The product of pretrial discovery is presumptively public, although Federal Rule of Civil Procedure 26(c) allows a district court to override this presumption upon a showing of good cause. *San Jose Mercury News, Inc. v. U.S. District Court—Northern Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Prior to the grant of a protective order, the moving party must certify it has

**ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER ~ 1**

"conferred or attempted to confer with other affected parties in an effort to resolve the dispute *without court action*." Fed. R. Civ. P. 26(c) (emphasis added).

When, as here, the parties agree that certain information should remain confidential, it may be prudent for the parties to enter into a written agreement setting forth what information shall remain private. However, it is unnecessary for such an agreement to have this Court's imprimatur to be valid. A court-issued protective order is less necessary since Rule 5(d) was amended to only require filing discovery material actually used in support of an action or motion. Because not all discovery material need be filed, most discovery material is not readily accessible to the public. Therefore, the primary concern regarding confidential materials is how the parties themselves handle such material.

This Court will not hesitate to issue a protective order when it is necessary; however, the moving party or parties must demonstrate good cause exists and must bear the "burden of showing specific prejudice or harm" that will result if no protective order is granted. *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). In other words, the moving party must demonstrate why the parties cannot result the issue without court action—a standard that will generally not be met when the parties agree to the terms of a proposed protective order.

The motion at hand fails to demonstrate specific harm or prejudice that will result if no protective order is granted. Additionally, the parties appear to be in agreement on what material is appropriate for discovery and how it should be handled. Accordingly, the Court denies the stipulated motion.

//
//
//
//
//
//

**ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER**
\* 2

The Court commends the parties and encourages them to continue cooperating with respect to the handling of potentially sensitive discovery material. The parties may, upon a proper showing tied to specific discovery material, move the Court to seal certain filings or for a protective order.

Accordingly, **IT IS ORDERED**:

1. The parties' Stipulated Motion for Protective Order, ECF No. 15, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 10th day of January 2020.



                        Stanley A. Bastian
                  United States District Judge

**ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER** * 3